[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence December 11, 1992 Date of Application December 29, 1992 Date Application Filed December 31, 1992 Date of Decision June 22, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. CR22-89850
Sheridan Moore, Esq. — Counsel for Petitioner.
Mary M. Galvin, Esq. — State's Attorney.
BY THE DIVISION
The petitioner was convicted after a court trial of Arson First in violation of Conn. Gen. Stat. § 53a-111. The court sentenced the petitioner to 15 years execution suspended after 10 years with 3 years probation. The court attached significant conditions of treatment during the probationary period.
The record shows that the petitioner was working at a Waterbury construction company when he was informed that he was laid off. He reported the next day and again was informed that he was laid off. This time he reacted by spreading gasoline around the construction trailer and setting it afire. Subsequent investigation revealed that the petitioner spread the liquid on the person who gave him the news of his lay-off. CT Page 6610-N
Counsel for the petitioner claimed the sentence was unfair and excessive. She pointed out there was no physical or bodily harm to anyone and that no fire people responded.
She noted that only $1,500 to $2,000 of damage was alleged and that her client acts were in error but not the worst case scenario. She claimed that the petitioner had a light criminal record and that he was a hard working individual who has worked his entire life. She informed the Division that the petitioner volunteered for many things and that he worked to find survivors in the L'Ambiance tragedy for ten, sixteen to twenty hour days. She concluded by stating that the crime did not merit the sentence given.
The petitioner told the panel that he was not a criminal but a working man. If his sentence was lowered he was going back to work.
Counsel for the state thought the sentence imposed was fair and equitable for the crime. She noted that the petitioner took a gallon jug of gasoline and he is just lucky that the crime was not murder. She noted that the petitioner lied to the trial court about lighting a match on the premises. She found the crime to be heinous and that among the petitioner's prior arrests were four Felony convictions. She felt that the trial judge exercised compassion and took into consideration the petitioner's work record. She asked this court to affirm the sentence imposed.
The Division finds that in light of the nature of the offense, the character of the petitioner, the requirement for protection of the public, as well as the deterrent, rehabilitation, isolation and denunciatory purposes for which a sentence is intended, the sentence imposed is not inappropriate, disproportionate or excessive.
The sentence is affirmed.
Norko, J.
Purtill, J.
Klazcak, J. CT Page 6610-O
Norko, J., Purtill, J., and Klaczak, J., participated in this decision.